Filed 11/19/20  P. v. Leon CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B301688 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA470409) |
| v. | |
| RONALD LEON, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County.  Kathleen Kennedy, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Deputy Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Ronald Leon, also known as Ronald Lee Feise, was convicted of second degree burglary and assault with a deadly weapon. The court imposed a second strike sentence of 15 years in prison. Defendant contends the trial court abused its discretion in refusing to strike the five-year prior serious felony enhancement pursuant to Penal Code section 667, subdivision (a)(1). Alternatively, defendant argues his trial counsel was ineffective in failing to formally move to strike the five-year enhancement.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with second degree burglary (Pen. Code, § 211; count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). As to count 1, it was alleged the victim was over the age of 65 (§ 667.9, subd. (a)). Two prior convictions, one from 1984 and one from 1997, were alleged as prior serious felonies and also as strike priors. (§ 667, subd. (a)(1) & (b)-(j), § 1170.12.) It was further alleged defendant had suffered six prior convictions within the meaning of section 667.5, subdivision (b).

The charges arose from an incident that occurred on August 9, 2018. David Edmondson, who was over the age of 65 and used a cane, was looking for recyclable materials in the neighborhood near his home. He went to a parking lot where he knew some dumpsters were located. Defendant was sleeping on some steps that bordered the lot. Defendant's two pit bulls charged at Mr. Edmondson and bit him several times on his legs. Mr. Edmondson yelled for defendant to control his dogs. Defendant woke up and called the dogs back to him.

2

Defendant approached Mr. Edmundson and started yelling at him, calling him derogatory names. They argued for a bit and then Mr. Edmundson climbed into a dumpster for protection because the dogs started getting aggressive again. Eventually, defendant grabbed Mr. Edmondson's cane and hit him on the head several times, and then fled with Mr. Edmondson's bicycle. A witness called 911, and defendant was apprehended a short time later after a brief pursuit.

The case was tried to a jury over several days in May and June 2019. The jury found defendant guilty as charged. In a bifurcated proceeding, the jury found true the prior conviction allegations.

In July 2019, the parties appeared for sentencing and defendant made an oral motion to strike his prior convictions. The court stated it was inclined to strike all six prison priors but not inclined to strike the 1984 conviction for burglary because of defendant's record. The court then continued the sentencing hearing to allow the parties to submit briefs on the issue of whether the 1997 vehicular manslaughter conviction qualified as a strike prior and a serious felony. The parties filed written papers.

The continued sentencing hearing was held on October 7, 2019. After entertaining argument, the court granted defendant's motion and struck the 1997 conviction, finding it did not qualify as a strike under the "Three Strikes" law or as a serious felony for purposes of Penal Code section 667, subdivision (a)(1). Defense counsel asked the court to reconsider striking the 1984 conviction for burglary. The court declined to do so. The court struck the elderly victim enhancement,

explaining it intended to impose an upper term on count 1 to account for the vulnerability of the victim.

The court allowed defendant to make a lengthy statement requesting mental health diversion or placement in a substance abuse program. The court denied the requests.

The court sentenced defendant to prison for 15 years calculated as follows: a five-year upper term on count 1, doubled due to the prior strike, plus a consecutive five-year term for the 1984 prior serious felony enhancement (the same conviction that qualified as a strike). The court imposed and stayed, pursuant to Penal Code section 654, a three-year midterm on count 2. The court awarded defendant 490 days of presentence custody credits and imposed statutory fines and fees.

This appeal followed.

## DISCUSSION

The sole issue presented is whether the trial court abused its discretion in declining to strike the five-year enhancement for defendant's 1984 burglary conviction. We review this contention under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*); accord, *People v. Taylor* (2020) 43 Cal.App.5th 1102, 1113.) We find no abuse of discretion.

As the Supreme Court explained, "[i]n reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.]

4

Second, a ' "decision will not be reversed merely because reasonable people might disagree." ' " (*Carmony, supra*, 33 Cal.4th at pp. 376-377.)

Defendant acknowledges the same prior conviction may qualify as both a strike for purposes of the three strikes law and as a prior serious felony for purposes of the five-year enhancement. The court thoroughly explained its sentencing choices, discussing in some detail the sentencing factors it found determinative, including defendant's lengthy record which showed he was "engaging in illegal conduct on a regular basis," the vulnerability of the victim, the seriousness of defendant's conduct toward the victim, and defendant's lack of success under prior periods of probation and parole supervision to address his substance abuse problems. The court explained that defendant admitted during his testimony that he "regularly violates the law," and defendant's efforts to minimize his conduct were not credible.

These factors were relevant to both the court's decision to deny striking the 1984 burglary conviction as a prior strike as well as its decision to deny striking it as a prior serious felony enhancement.

In exercising its discretion to strike the one-year elderly victim enhancement pursuant to Penal Code section 667.9, subdivision (a), the court reiterated that it found a 15-year sentence was appropriate and warranted.

Defendant nevertheless argues the equities favored striking the five-year enhancement as the court had already used the 1984 conviction to double the upper term on count 1 to 10 years. He points out he was 53 at the time of trial and he was not likely to reoffend at the age of 63, his crimes were largely a

manifestation of his substance abuse problems, and his conduct toward defendant was not particularly egregious. This is merely a contrary view of the evidence, one that is at odds with the trial court's reasonable assessment that defendant's conduct toward the elderly victim was in fact serious, and that even at age 53, he was still regularly committing crimes. Defendant has not demonstrated the trial court's decision was irrational.

Defendant briefly argues in the alternative that if we conclude his trial counsel failed to preserve the issue for appeal, then we should find his counsel provided ineffective assistance. In his reply brief, defendant argues that counsel failed to provide any reasonable supporting argument. We disagree. The court and counsel discussed the issues in some detail. Defendant has not and, on this record, he cannot show "both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Cudjo* (1993) 6 Cal.4th 585, 623, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-696.)

## DISPOSITION

The judgment of conviction is affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.          STRATTON, J.

6